IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LEAH DENISE REMINGTON; EVZENIE J. BOND, as mother and Natural Guardian of D.R.R., a minor; BELINDA J. NAVA; TERRY G. CHANCE; and RONNIE L. CHANCE,<br><br>        Defendants. | 2:12-cv-02821-GEB-CMK<br><br>ORDER DENYING JOINT MOTION FOR INTERPLEADER AND DISMISSAL AND DIRECTING THAT CERTAIN ISSUES BE DISCUSSED IN A JOINT STATUS REPORT |

      Pending is a joint motion purportedly filed by all parties under Federal Rules of Civil Procedure 22 and 67 "for interpleader and dismissal of [Plaintiff]." (ECF No. 17.) This action concerns a dispute over entitlement to the proceeds of a life insurance policy issued by Plaintiff Prudential Insurance Company on the life of the deceased Insured, Douglas G. Remington ("Insured").

**I.  BACKGROUND**

      The following background allegations are drawn from the Complaint and other filings in this action. "The Insured died on September 8, 2011 from a spontaneous intracerebral hemorrhage." (Compl. ¶ 13 & Ex. A.) Upon his death, "Plan death benefits in the amount of $50,000 became due and payable to a beneficiary or beneficiaries." (Id. ¶ 14.) However, at the time of the Insured's death, "there was no

1

beneficiary of record." (Id. ¶ 16.) The following Defendants filed adverse claims to the death benefit proceeds: the Insured's former spouse, Leah Remington; the Insured's siblings, Terry G. Chance, Ronnie L. Chance, and Belinda J. Nava; and the Insured's alleged minor child, D.R.R., represented in this action by Evzenie J. Bond, the mother and Natural Guardian of D.R.R. (Id. ¶¶ 15, 18—21 & Exs. B—F.)

Under the terms of the Insured's life insurance plan, the death benefit is "payable to the first of the following: [the Insured's] (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." (Id. ¶ 17.) Plaintiff alleges that it "cannot determine factually or legally who is entitled to the Death Benefit." (Id. ¶ 27.) Plaintiff requests that the Court permit Plaintiff to deposit the death benefit plus interest into the Court, require Defendants to litigate or settle their claims to the death benefit amongst themselves, discharge Plaintiff from further liability, and award Plaintiff attorneys' fees and costs. (Id. ¶ 31.) The docket in this action reveals that no Defendant has appeared. Further, the joint motion reveals that all of the Defendants are proceeding in *pro per* and appear to be in default since the time to serve a responsive pleading has run.

**II. DISCUSSION**

It is astonishing that Plaintiff seeks to leave Defendants litigating their claims amongst themselves even though Plaintiff has yet to provide the Court with contact information for any Defendant and fails to address that the minor child Defendant is proceeding in *pro per*, contrary to federal law. Since none of the *pro per* Defendants have appeared in this case other than through Plaintiff, this Court is unable

1   to communicate with any named Defendant to administer the distribution
2   of the death benefit.
3       Further, the joint motion indicates that D.R.R., a minor
4   child, is authorized to proceed as a litigant in this action represented
5   only by her *pro per* parent and Natural Guardian, even though this is
6   contrary to applicable law. It is well-established in the Ninth Circuit
7   that "a parent or guardian cannot bring an action on behalf of a minor
8   child without retaining a lawyer." Johns v. Cnty. of San Diego, 114 F.3d
9   874, 877 (9th Cir. 1997); accord Simon v. Hartford Life, Inc., 546 F.3d
10  661, 664 (9th Cir. 2008); Campbell v. Burt, 141 F.3d 927, 931 (9th Cir.
11  1998); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696,
12  697 (9th Cir. 1987) (holding that a non-attorney cannot appear on behalf
13  of others); Johns, 114 F.3d at 877 (noting that "all other circuit
14  courts addressing the issue have held that the guardian or parent cannot
15  bring a lawsuit on behalf of a minor in federal court without retaining
16  a lawyer"). This rule is intended to protect minors, because "'[i]t goes
17  without saying that it is not in the interest of minors or incompetents
18  that they be represented by non-attorneys.'" Jie Lin v. Ashcroft, 377
19  F.3d 1014, 1025 (9th Cir. 2004) (quoting Johns, 114 F.3d at 876—77)
20  (stating that where minors "have claims that require adjudication, they
21  are entitled to trained legal assistance").

### III. CONCLUSION

For the stated reasons, the purported joint motion for interpleader and dismissal of Plaintiff (ECF No. 17) is denied.

### IV. JOINT STATUS REPORT

Further, in the joint status report required to be filed fourteen (14) days before the scheduled Status Conference, (see ECF No. 15), the parties shall address their proposed resolution to D.R.R.'s

3

lack of counsel and the Court's lack of contact information for any Defendant, in addition to all pertinent subjects in Local Rule 240.

Dated: April 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge