1
2
3
4
5                          IN THE UNITED STATES DISTRICT COURT
6                       FOR THE EASTERN DISTRICT OF CALIFORNIA
7
   THE PRUDENTIAL INSURANCE COMPANY )
8  OF AMERICA,                      )    2:12-cv-02821-GEB-CMK
                                     )
9              Plaintiff,            )
                                     )    ORDER DENYING JOINT MOTION
10        v.                         )    FOR INTERPLEADER AND
                                     )    DISMISSAL AND DIRECTING THAT
11 LEAH DENISE REMINGTON; EVZENIE    )    CERTAIN ISSUES BE DISCUSSED
   J. BOND, as mother and Natural    )    IN A JOINT STATUS REPORT
12 Guardian of D.R.R., a minor;      )
   BELINDA J. NAVA; TERRY G.         )
13 CHANCE; and RONNIE L. CHANCE,     )
                                     )
14             Defendants.           )
   _____   )
15
16        Pending is a joint motion purportedly filed by all parties
17 under Federal Rules of Civil Procedure 22 and 67 "for interpleader and
18 dismissal of [Plaintiff]." (ECF No. 17.) This action concerns a dispute
19 over entitlement to the proceeds of a life insurance policy issued by
20 Plaintiff Prudential Insurance Company on the life of the deceased
21 Insured, Douglas G. Remington ("Insured").

22                              **I. BACKGROUND**

23        The following background allegations are drawn from the
24 Complaint and other filings in this action. "The Insured died on
25 September 8, 2011 from a spontaneous intracerebral hemorrhage." (Compl.
26 ¶ 13 & Ex. A.) Upon his death, "Plan death benefits in the amount of
27 $50,000 became due and payable to a beneficiary or beneficiaries." (Id.
28 ¶ 14.) However, at the time of the Insured's death, "there was no

                                     1

1  beneficiary of record." (Id. ¶ 16.)  The following Defendants filed
2  adverse claims to the death benefit proceeds: the Insured's former
3  spouse, Leah Remington; the Insured's siblings, Terry G. Chance, Ronnie
4  L. Chance, and Belinda J. Nava; and the Insured's alleged minor child,
5  D.R.R., represented in this action by Evzenie J. Bond, the mother and
6  Natural Guardian of D.R.R. (Id. ¶¶ 15, 18—21 & Exs. B—F.)

7       Under the terms of the Insured's life insurance plan, the
8  death benefit is "payable to the first of the following: [the Insured's]
9  (a) surviving spouse; (b) surviving child(ren) in equal shares; (c)
10 surviving parents in equal shares; (d) surviving siblings in equal
11 shares; (e) estate." (Id. ¶ 17.) Plaintiff alleges that it "cannot
12 determine factually or legally who is entitled to the Death Benefit."
13 (Id. ¶ 27.) Plaintiff requests that the Court permit Plaintiff to
14 deposit the death benefit plus interest into the Court, require
15 Defendants to litigate or settle their claims to the death benefit
16 amongst themselves, discharge Plaintiff from further liability, and
17 award Plaintiff attorneys' fees and costs. (Id. ¶ 31.) The docket in
18 this action reveals that no Defendant has appeared. Further, the joint
19 motion reveals that all of the Defendants are proceeding in *pro per* and
20 appear to be in default since the time to serve a responsive pleading
21 has run.

22                   **II. DISCUSSION**

23       It is astonishing that Plaintiff seeks to leave Defendants
24 litigating their claims amongst themselves even though Plaintiff has yet
25 to provide the Court with contact information for any Defendant and
26 fails to address that the minor child Defendant is proceeding in *pro*
27 *per*, contrary to federal law. Since none of the *pro per* Defendants have
28 appeared in this case other than through Plaintiff, this Court is unable

to communicate with any named Defendant to administer the distribution of the death benefit.

Further, the joint motion indicates that D.R.R., a minor child, is authorized to proceed as a litigant in this action represented only by her *pro per* parent and Natural Guardian, even though this is contrary to applicable law. It is well-established in the Ninth Circuit that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." <u>Johns v. Cnty. of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997); <u>accord</u> <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th Cir. 2008); <u>Campbell v. Burt</u>, 141 F.3d 927, 931 (9th Cir. 1998); <u>see also</u> <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a non-attorney cannot appear on behalf of others); <u>Johns</u>, 114 F.3d at 877 (noting that "all other circuit courts addressing the issue have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer"). This rule is intended to protect minors, because "'[i]t goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.'" <u>Jie Lin v. Ashcroft</u>, 377 F.3d 1014, 1025 (9th Cir. 2004) (quoting <u>Johns</u>, 114 F.3d at 876–77) (stating that where minors "have claims that require adjudication, they are entitled to trained legal assistance").

### III. CONCLUSION

For the stated reasons, the purported joint motion for interpleader and dismissal of Plaintiff (ECF No. 17) is denied.

### IV. JOINT STATUS REPORT

Further, in the joint status report required to be filed fourteen (14) days before the scheduled Status Conference, (<u>see</u> ECF No. 15), the parties shall address their proposed resolution to D.R.R.'s

lack of counsel and the Court's lack of contact information for any Defendant, in addition to all pertinent subjects in Local Rule 240.

Dated:  April 2, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge