IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>LEAH DENISE REMINGTON; EVZENIE J. BOND, as mother and Natural Guardian of D.R.R., a minor; BELINDA J. NAVA; TERRY G. CHANCE; and RONNIE L. CHANCE,<br><br>           Defendants.<br>_____ | 2:12-cv-02821-GEB-CMK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM |

Evzenie J. Bond, as mother and Natural Guardian of D.R.R., a minor, moves through counsel under Federal Rule of Civil Procedure ("Rule") 17(c) and Local Rule 202(a) for an order appointing Bond as guardian ad litem of D.R.R. Under Local Rule 202(a), counsel must present either "(1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court." Here, counsel has presented "a motion for the appointment of a guardian ad litem by the Court," in compliance with E.D. Cal. L.R. 202(a)(2). However, Local Rule 202(a) does not recognize that under Rule 17(c) the court "need not appoint a guardian ad litem if it determines [a minor or incompetent person] is or can be otherwise adequately protected." <u>United</u>

1

1  States v. 30.64 Acres of Land, More or Less, Situated in Klickitat
2  Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).
3       "To maintain a suit in a federal court, a child or mental
4  incompetent must be represented by a competent adult." T.W. by Enk v.
5  Brophy, 124 F.3d 893, 895 (7th Cir. 1997). Further, it is "well
6  established" that Rule 17(c) governs the appearance of minors and
7  incompetent persons in federal court. Burke v. Smith, 252 F.3d 1260,
8  1264 (11th Cir. 2001). Under Rule 17(c)(1), "[t]he following
9  representatives may sue or defend on behalf of a minor or an incompetent
10 person: (A) a general guardian; (B) a committee; (C) a conservator; or
11 (D) a like fiduciary." Thus Rule 17(c)(1)(A) permits a "general
12 guardian" to sue in federal court on behalf of a minor, and "[a] parent
13 is a guardian who may so sue." Cmty. for Equity v. Mich. High Sch.
14 Athletic Ass'n, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998). Similarly,
15 Rule 17(c)(2) prescribes:

> A minor or an incompetent person who does not have
> a duly appointed representative may sue by a next
> friend or by a guardian ad litem. The court must
> appoint a guardian ad litem—or issue another
> appropriate order—to protect a minor or incompetent
> person *who is unrepresented in an action*.

20 (emphasis added). The Ninth Circuit has interpreted Rule 17(c)(2) as
21 follows:

> Fed. R. Civ. P. 17(c) requires a court to take
> whatever measures it deems proper to protect an
> incompetent person during litigation. Although *the
> court has broad discretion and need not appoint a
> guardian ad litem if it determines the person is or
> can be otherwise adequately protected*, it is under
> a legal obligation to consider whether the person
> is adequately protected.

27 30.64 Acres of Land, 795 F.2d at 805 (emphasis added). Further, other
28 circuits have explicitly found that appointment of a guardian ad litem

1  is not required when a minor is adequately represented by a parent. See
2  Burke, 252 F.3d at 1264 ("In the present case, [the minor] was otherwise
3  represented by her mother who brought this action on her behalf. Thus,
4  Rule 17(c) did not require the court to appoint a guardian ad litem.");
5  Matter of Chi., Rock Island & Pac. R.R. Co., 788 F.2d 1280, 1282 (7th
6  Cir. 1986) ("If [a minor] is a party and represented, the appointment of
7  a guardian is not required, provided the representation is adequate, as
8  it would normally be if the party was being represented by a parent as
9  'next friend' and there was no conflict of interest between the party
10 and his representative." (citation omitted)); Croce v. Bromley Corp., 623
11 F.2d 1084, 1093 (5th Cir. 1980) ("In the instant case the [minor] was
12 'otherwise represented'; the child's legal guardian, his mother, brought
13 this action on his behalf. Thus, there was no need for the court to
14 appoint a guardian ad litem."); see also Brophy, 124 F.3d at 895
15 (recognizing as a matter of practice that "it is usually [a minor's
16 representative] who . . . take[s] the initiative in suing on the child's
17 behalf").

18       Here, D.R.R. is already represented by Bond, who is her mother
19 and natural guardian. Further, nothing in the electronic docket
20 indicates that Bond will not adequately protect D.R.R.'s interests. Nor
21 is there evidence of a conflict of interest between D.R.R. and her
22 mother, Bond. Therefore, in light of the authority Bond has under Rule
23 17(c)(1)(A) to represent D.R.R. as D.R.R.'s general guardian, Bond has
24 not shown a "need for the court to appoint [her as] a guardian ad
25 litem". Croce, 623 F.2d at 1093; see Matter of Chi., Rock Island & Pac.
26 R.R. Co., 788 F.2d at 1282 (recognizing that representation of a minor
27 by a parent "would normally be adequate if . . . there [i]s no conflict
28 of interest" between the minor and parent); see also E.D. Cal. L.R.

102(d) ("[T]he Court in its discretion may make such orders . . . contrary to the provisions of the[] [Local] Rules as it may deem appropriate and in the interests of justice and case management . . . ."); E.D. Cal. L.R. 100(c) ("These Local Rules . . . shall be construed and administered consistently with and subordinately to . . . the Federal Rules of Civil Procedure . . . .").

      For the stated reasons, Bond's motion for appointment as a guardian ad litem (ECF No. 24) is denied as moot.

Dated: June 14, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge