UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LEAH DENISE REMINGTON, EVZENIE J. BOND, as mother and Natural Guardian of D.R.R., a minor, BELINDA J. NAVA, TERRY G. CHANCE and RONNIE L. CHANCE,<br><br>        Defendants. | No. 2:12-cv-02821-GEB-CMK<br><br>**ORDER** |

A joint motion for distribution of a $50,000 death benefit was filed in this action on January 8, 2014. (ECF No. 47.) However, since the motion failed to comply with Local Rule 202, a Minute Order issued requiring compliance with this rule in a supplemental brief, in which the following issues were also to be addressed:

> the assertion in the motion that $12,000 shall be paid "toward" "fees" (this assertion needs clarification and explanation); whether any attorney's fee award should be governed or guided by California Rule of Court 7.955[]; and whether the minor's settlement funds should be placed in a blocked interest-bearing account with the minor's mother named as the trustee for the account, and whether any withdrawals from the blocked account desired before the minor reaches age 18

1

> require approval by the court in a further written court order.

(ECF No. 48.)

Nor did the motion explain that the other claimants seeking the death benefit have been dismissed. However, the court has sua sponte reviewed previous filings and has determined the other claimants have been dismissed, and the sole remaining issue is the amount of attorney's fees minor claimant D.R.R.'s attorney should be authorized to receive in this case. This issue is governed by court rules.

> District courts have a special duty, derived from Federal Rule of Civil Procedure ("Rule") 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minors . . . , this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor."

Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).

In the supplemental brief filed on January 14, 2014, D.R.R.'s attorney, Edward Bernard, avers:

> The attorney fee of $12,000.00 is based upon a contingent fee agreement . . . . The actual fee of $12,000.00 was a reduction from 33.3%, to below 25% of recovery. It should be noted that Prudential [Insurance Company ("Prudential")] has waived any attorney fees which results in a net recovery to the minor of $38,000.

(Suppl. Br. ¶ 1, ECF No. 49.)

Mr. Bernard failed to explain why he stated in the

2

1  joint motion that he seeks $12,000 "**toward** his fees, costs and
2  expenses," hence, suggesting that outstanding fees would still
3  exist even if $12,000 were authorized to be paid. Mr. Bernard
4  states in his supplemental brief that $12,000 is the total
5  contingency fee he seeks. However, as explained in the Advisory
6  Committee's comment to California Rule of Court 7.955, which
7  concerns attorney's fees for services to a minor or a person with
8  a disability: "The rule permits, but does not require, the court
9  to allow attorney's fees in an amount specified in a contingency
10 fee agreement. The amount of attorney's fees allowed by the court
11 must meet the reasonableness standard of section 3601 no matter
12 how they are determined."

13       Rule 7.955(b) of California Rules of Court contains a
14 non-exhaustive list of factors courts may consider in determining
15 a reasonable attorney's fee, including the "experience,
16 reputation, and ability of the attorney performing the legal
17 services," and "the time and labor required." Cal. R. Ct.
18 7.955(b)(7), (8).

19       Mr. Bernard states in his supplemental brief that he
20 has "handled significant and complicated probate" claims. (Suppl.
21 Br. ¶ 6.) However, this conclusory assertion is insufficient to
22 demonstrate that Mr. Bernard has the "experience" and "ability"
23 to justify the hourly rate of $375 he contends is a reasonable
24 rate for his services, or the contingency fee he seeks. Cal. R.
25 Ct. 7.955(b)(7). Mr. Bernard has not demonstrated superior
26 "experience" and "ability" in this case, since the court itself—
27 rather than Mr. Bernard—raised the issue of whether it would be
28 in the minor's best interest to have the net funds she is

3

entitled to receive placed in a blocked interest-bearing account, with the minor's mother being named as a trustee, and prior permission from the court required for any withdrawal before the minor reaches age 18. Further, the court has sua sponte in this order devised a procedure that could facilitate disbursement of the minor's money into a blocked account. This was necessary since Mr. Bernard has not proposed precisely how this should occur. When the court does tasks counsel should have done, the court may exercise its discretion to reduce the fee awarded. See Robins v. Harum, 773 F.2d 1004, 1011 (9th Cir. 1985) (denying a fee award to counsel who had "failed to provide th[e] court with any analysis of [an issue]," thereby "requir[ing] [the court] to engage in independent research").

Further, certain of Mr. Bernard's billings in this case undercut his claims concerning his "time and labor required" to do tasks for which he billed. Cal. R. Ct. 7.955(b)(8). For example, Mr. Bernard's billing entry of .25 hours (or 15 minutes) on July 2, 2013, for "Receive/review Minute Order" is patently excessive, since it could not have taken Mr. Bernard 15 minutes to read the following three-sentence Minute Order entered that day: "The pretrial scheduling conference, currently set for 7/8/13, is submitted. The court will issue an order. There will not be a hearing on 7/8/13, and no appearance is necessary." (ECF No. 33.) This billing makes it manifestly clear that Mr. Bernard failed to exercise required billing judgment when he billed 15 minutes for this task, since it should not have taken longer than 30 seconds. An attorney "should exercise 'billing judgment' with respect to [time] worked." Hensley v. Eckerhart, 461 U.S. 424,

437 (1983). Fee applicants are required "to exercise 'billing judgment' not because [they] should necessarily be compensated for less than the actual number of [minutes] spent [servicing a client], but because" the time an attorney "does seek compensation for must be *reasonable*." City of Riverside v. Rivera, 477 U.S. 561, 570 n.4 (1986). Further, attorneys seeking fees "are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised [reasonable] billing judgment." Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006).

Mr. Bernard's billing of .75 hours (or 45 minutes) for the following services is also excessive:

| Date | Task | Time |
|---|---|---|
| 09.25.13 | Draft/finalize/transmit Evzenie J. Bond's Request to Appear Telephonically at the October 28, 2013 Status Conference; draft finalize/transmit Proposed Order Granting Telephonic Appearance; draft/finalize/transmit Certificate of Service | .75 |

The referenced telephonic appearance request is the following three-sentence filing:

> COMES NOW, EVZENIE J. BOND, as mother and Natural Guardian of D.R.R., a minor, by and through counsel, Edward Bernard of The Law Offices of Edward Bernard and hereby requests permission to appear telephonically at the Status Conference scheduled on October 28, 2013 at 9:00 a.m. Good cause exists for this

5

>     request, as EVZENIE J. BOND lives in Redding
>     California, and the undersigned's office is
>     located in Carson City, Nevada.
>
> (ECF No. 41) The text of the referenced proposed order states:
>
>     WITH GOOD CAUSE HAVING BEEN SHOWN, Defendant,
>     Evzenie J. Bond's Request to Appear
>     Telephonically at the case conference
>     scheduled for Monday, October 28, 2013 at
>     9:00 a.m. in this action is hereby granted.
>     Counsel for Defendant, Evzenie J. Bond will
>     be readily available for the hearing and can
>     be reached at (775) 885-1600. IT IS SO
>     ORDERED.

Id.

Mr. Bernard also block-billed for the following services after the court issued a Minute Order on January 9, 2014, which presumably included his reading the rules cited and referenced in the Minute Order, with which Mr. Bernard, based on his claimed experience, should already have been familiar:

| **Date** | **Task** | **Time** |
|---|---|---|
| 01.09.13 | Receive/review Minute Order; legal research | 1.5 |
| 01.12.14 | Review of California Rules of Court; draft/finalize/transmit Supplemental Brief | 2.25 |

"Block billing is a practice where the amount of time spent by an attorney on each discrete task is not identified, but instead all hours spent during [some part] of a day on multiple tasks are billed together." Yeager v. Bowlin, No. 2:08-cv-102 WBS JFM, 2010 WL 1689225, at *1 (E.D. Cal. Apr. 26, 2010). The use of block billing "makes it [difficult] for the Court to determine how much time was spent on each discrete task" and to assess the reasonableness of time spent on specific tasks. L.A. Printex

Indus., Inc. v. William Carter Co., No. 09-cv-2449-JFW (FMOx), 2010 WL 4916634, at *11 (C.D. Cal. Dec. 1, 2010); see also Yeager, 2010 WL 1689225, at *1 ("The California State Bar's Committee on Mandatory Fee Arbitration has concluded that block billing hides accountability and may increase time by 10% to 30% by lumping together tasks." (internal quotation marks omitted)). "Courts have approved across-the-board reductions in block-billed hours to offset the effects of block billing." Davis v. Perry, 2014 WL 106990, at *19 (W.D. Tex. Jan 8, 2014). Most of Mr. Bernard's billing entries consist of block-billed entries, and the fee request will be reduced since the district court has authority "to reduce hours that are billed in block format." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) ("It was reasonable for the district court to conclude that [counsel] failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities.").

Further, the minimum time Mr. Bernard billed for services rendered in this case is .25 hours (or fifteen minutes).[1] Mr. Bernard's 15-minute billing for reading the three-sentence Minute Order, which should have been read in 30 seconds or less time, obviously inflated the time spent performing that task, and causes concern that other unverifiable tasks likely

---

[1] In this district, attorneys customarily bill in .1-hour increments, where .1 hours is 6 minutes (.1 hours x 60 minutes/hour = 6 minutes). Mr. Bernard's minimum billing increment of .25 hours (or 15 minutes), at his claimed billing rate of $375/hour, equals $93.75 (.25 hours x $375/hour = $93.75). According to the agreement between Ms. Bond and Mr. Bernard, Ms. Bond would have been liable for these $93.75 charges had Ms. Bond "decide[d] to terminate this lawsuit without settlement or trial, against the recommendation of" Mr. Bernard. (Suppl. Br. Ex. A, p. 1.)

took a fraction of the time billed to complete. See Welch, 480 at 949 (affirming a district court's across-the-board fee reduction since in reviewing "the firm's summary time sheet, the [district] court found the hours were inflated because counsel billed a minimum of 15 minutes for numerous phone calls and e-mails that likely took a fraction of the time," and the Ninth Circuit's "own review of the time sheet confirm[ed] that it [was] replete with [fifteen-minute] or [thirty-minute] charges for the drafting of letters, telephone calls and intra-office conferences"); Bonner v. Fuji Photo Film, No. 06-cv-4374 CRB, 2008 WL 410260, at *4 (N.D. Cal. Feb. 12, 2009) ("Because so much of [counsel's] work cannot be accurately audited, the Court is concerned that her bill may be inflated by was much as 30%.").

In light of Mr. Bernard's failure to prove the reasonableness of his billings and that he exercised reasonable billing judgment, and the fact that the court—rather than Mr. Bernard—endeavored to address the protection of the minor's assets in a blocked interest-bearing account and to devise a distribution of death benefit procedure, a reduction of 20 percent is warranted.

Therefore, the motion is GRANTED IN PART and DENIED IN PART. The court approves the settlement of the minor's claim; however, the amount awarded to Mr. Bernard is $9,600, which includes any costs for which the minor is responsible. The minor's portion of the settlement proceeds shall be deposited in a blocked interest-bearing account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of 18; no withdrawal

1  of principal or interest may be made from the account without
2  further written order under this case number, signed by a
3  judicial officer of this court, until the minor attains the age
4  of 18.
5          Further as prescribed in Local Rule 202(f):

> Applications for orders authorizing interim disbursements shall be heard by the appropriate state court judge or by the assigned Magistrate Judge. <u>See</u> L.R. 302(c)(14). In the event of a hearing by a state court judge concerning interim disbursements, a copy of the order shall be filed with a copy to the Magistrate Judge and shall be reviewed by the Magistrate Judge in accordance with [Local Rule 202](b)(1).

12          In addition, the services for which Mr. Bernard has
13  been awarded attorney's fees include Mr. Bernard assisting Ms.
14  Bond in opening the referenced blocked account. Mr. Bernard shall
15  not be disbursed his fee until the minor's $40,400 is placed into
16  the referenced blocked account. Proof that the minor's money has
17  been placed in a blocked account shall be filed with this court
18  within 10 days of deposit.
19          If what is ordered occurs, this action shall be
20  dismissed with prejudice and each side shall bear its own costs;
21  Prudential shall be discharged from liability to Evzenie Bond and
22  D.R.R. relating to Group Life Insurance Policy number G-50555
23  ("the Plan") and/or the $50,000 death benefit ("Death Benefit")
24  due thereunder; and Evzenie Bond and D.R.R. shall be permanently
25  enjoined from making any further actual or implied claims,
26  demands and causes of action, asserted or unasserted, express or
27  implied, foreseen or unforeseen, real or imaginary, suspected or
28  unsuspected, known or unknown, liquidated or unliquidated, of any

kind or nature or description whatsoever, that Evzenie Bond or D.R.R., jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim to assert or have, against Prudential with respect to the Plan and/or the payment of the Death Benefit under the Plan.

In light of this ruling, the pretrial scheduling conference, currently scheduled for March 31, 2014, is vacated.

Dated:  January 24, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge